# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Filed June 8, 2007

No. 04-7034

APCC SERVICES, INC., ET AL.,
APPELLEES

v.

SPRINT COMMUNICATIONS CO.,
APPELLANT

———

Consolidated with
04-7035

———

On Remand from the United States Supreme Court

———

Before: GINSBURG, *Chief Judge*, and SENTELLE and RANDOLPH, *Circuit Judges*.

Opinion for the Court filed PER CURIAM.

PER CURIAM: In *APCC Services, Inc. v. Sprint Communications Co.*, 418 F.3d 1238 (2005) (*APCC*), we reversed the orders of the district court denying the defendants' motion to dismiss. The Supreme Court granted the plaintiffs' petition for a writ of certiorari to this court, vacated our judgment, and remanded the case for further consideration in

light of *Global Crossing Telecommunications, Inc. v. Metrophones Telecommunications, Inc.,* 127 S. Ct. 1513 (2007). We now affirm the orders of, and remand the case to, the district court.

The facts of this case are set forth in our previous opinion. *APCC*, 418 F.3d at 1241-42. In brief, APCC et al. are a payphone service provider (PSP) and several "aggregators," intermediaries between PSPs and interexchange carriers (IXCs), that sued several IXCs to obtain compensation they claim the IXCs owe them pursuant to a regulation of the Federal Communications Commission. The IXCs moved to dismiss on the grounds that the aggregators did not have standing to sue and the Communications Act of 1934, 47 U.S.C. § 151 et seq., did not give the plaintiffs a private right of action to recover for a violation of the regulation. The district court denied the motions, concluding the aggregators had standing, *APCC Servs., Inc. v. AT&T Corp.*, 281 F. Supp. 2d 41, 45 (2003), and that § 276 of the Act created a private right of action. *APCC Servs., Inc. v. Cable & Wireless, Inc.*, 281 F. Supp. 2d 52, 54-57 (2003). The district court also permitted the plaintiffs to amend their complaint to assert that §§ 201(b), 407, and 416(c) of Title 47 provide alternate grounds for relief. *Id.* at 57-59. This court reversed. The panel determined, over the dissent of Judge Sentelle, that the aggregators had standing to sue and, over the dissent of Chief Judge Ginsburg, that none of the provisions cited gave the plaintiffs a right to sue in federal court; they were remitted to filing a complaint for reparations before the FCC. *APCC*, 418 F.3d at 1250.

The Supreme Court, however, held in *Global Crossing* that a violation of the regulation at issue is a violation of § 201(b) of the Act, for which a private right of action is authorized by § 207 of the Act, in effect creating a right of action to remedy a violation of the regulation itself. 127 S. Ct. at 1516. It is now

clear, therefore, that APCC et al. may pursue their case in district court under § 201(b).  Accordingly, the orders of the district court denying the motions to dismiss are affirmed, and the case is remanded for further proceedings.

*So ordered.*